SIDNEY LERMAN AND THEODORE BABUICK, PLAINTIFFS-RESPONDENTS, v. NEW YORK INDEMNITY COMPANY, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided September 27, 1933.

For the defendant-appellant, *Philip Klein*.

For the plaintiffs-respondents, *Harry H. Weinberger*.

PER CURIAM.

This is an appeal from a judgment entered in the New Jersey Supreme Court. The case was tried before Judge Harley, Common Pleas judge of Passaic county, without a jury, to whom it was referred for trial. The suit was brought against the New York Indemnity Company by the plaintiff to recover damages on a bond given by the said company to the plaintiff to indemnify him against any damage to persons or property caused by his automobile. The complaint contained two counts. The first count was based on an accident between the car of the plaintiff and one Theodore Babuick, as a result of which the said Babuick recovered a judgment against the plaintiff in the Passaic County Circuit Court. The second count was based on a judgment recovered against the plaintiff by one Wilde, in the Clifton District Court, as a result of a collision between the car of Wilde and the car of the plaintiff below. The plaintiff claimed that he served the required notice on the company and forwarded the summons to the company but that the company failed to defend the suit as required by its policy. The amount of the judgment under the first count was $1,000, together with costs of suit, and in the second count, the sum of $171.08, together with costs of suit. It was further stipulated and agreed between the parties that the costs incurred by the plaintiff below amounted to $250.

Judge Harley found as a matter of fact that the general agent of the company in the city of Passaic had power to issue policies and to cancel policies direct and that he was clothed with power to reinstate policies of the defendant below after cancellation notice had been sent by the defendant company and that the defendant company sent the notice of cancellation at the request of the general agent because the general agent did not wish to send it to the plaintiff. The question involved was whether or not this policy, which had been canceled, had been reinstated by the general agent of the company so that the policy was in effect at the time the accident between the plaintiff and Babuick occurred.

The trial judge followed the rule laid down by this court in the case of *American Well Works* v. *Royal Indemnity Co.*, 109 *N. J. L.* 104.

As to this count, our examination of the evidence leads us to the conclusion that there was evidence to substantiate the findings of the trial court.

As to the second count, we are of the opinion that there was evidence upon which the trial court could find in favor of the plaintiff on this count.

The dispute on this count was whether or not the plaintiff sent the required notice of the accident to the company.

The plaintiff testified that Miss Rabinowitz, a daughter of the insurance broker, put the summons and complaint in an envelope and mailed it to the defendant company.

The next point argued is that the trial court erred in permitting Theodore Babuick to be added as a party plaintiff in the first count of the complaint. It was stipulated between the attorneys in the court below that a writ of execution was issued as a result of said judgment against the plaintiff below and returned by the sheriff unsatisfied. After the court had ordered the complaint amended and the said Babuick made a party plaintiff, the defendant was given an opportunity to object, which he failed to do.

We, therefore, think that the question cannot be raised here. We agree with the result reached in the memorandum filed by the trial court and the judgment under review is therefore affirmed.

On Babuick appeal—

*For reversal*—CASE, J.   1.

On Wilde appeal—

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, DONGES, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   11.

*For reversal*—THE CHIEF JUSTICE, HEHER, VAN BUSKIRK, JJ.   3.